UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10010-RGS

WILLIAM REMINGTON and MUSAN DURAKOVIC,
on behalf of themselves and others similarly situated

v.

J.B. HUNT TRANSPORT, INC.

---

CIVIL ACTION NO. 15-13019-RGS

ABE SILFANI,
on behalf of himself and others similarly situated

v.

J.B. HUNT TRANSPORT, INC.

MEMORANDUM AND ORDER ON DEFENDANT'S
CONSOLIDATED MOTION FOR JUDGMENT ON THE PLEADINGS

April 28, 2017

Stearns, D.J.

This is the latest chapter in a preemption saga. Defendant J.B. Hunt contends that the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501 et seq., and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., preempt what remains of plaintiffs' state law employee misclassification claims.

The factual allegations of the two class-action Complaints are set out in this court's decision on defendants' consolidated motion to dismiss, *see Remington v. J.B. Hunt Transp., Inc.* (*Remington III*), 2016 WL 4975194 (D. Mass. Sept. 16, 2016), and will be repeated here only to the extent necessary. Plaintiffs are owner-operator drivers for J.B. Hunt Transport Inc., a freight and package delivery service. Plaintiffs allege that while their job descriptions and work requirements essentially replicate those of non-owner drivers hired by J.B. Hunt, they are not given the same employment benefits. Plaintiffs base their claims on the Massachusetts Independent Contractor Statute, Mass. Gen. Laws ch. 149, § 148B, and the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 150. They also press an equitable claim for unjust enrichment.[1]

In its first motion to dismiss, J.B. Hunt argued that the FAAAA's express preemption of state laws "related to a price, route, or service of any motor carrier," 49 U.S.C. § 14501(c)(1), usurps prong two of the Independent Contractor Statute.[2] J.B. Hunt further asserted that because prong two was

---

[1] Silfani's claim for breach of contract is not at issue in this motion.

[2] Under the Independent Contractor Statute, a worker is properly classified as an independent contractor if the employer can show that:

not severable, the Statute as a whole was preempted. This court agreed. *Remington v. J.B. Hunt Transp., Inc.* (*Remington I*), 2015 WL 501884, at *1-2 (D. Mass. Feb. 5, 2015); *Schwann v. Fedex Ground Package Sys., Inc.*, 2015 WL 501512, at *1-2 (D. Mass. Feb. 5, 2015).[3] In addition, this court ruled that the FAAAA preempted the Statute as a whole because "enforcing prongs one and three of section 148B against motor carriers would end the same – the 'price, route[s], [and] services' offered by motor carriers would be impacted by forbidding the preferred business model." *Remington I*, 2015 WL 501884, at *2.

On appeal, the First Circuit affirmed this court's holding with respect to prong two of the Statute. *See Schwann v. FedEx Ground Package Sys.,*

---

(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

(2) the service is performed outside the usual course of the business of the employer; and,

(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws ch. 149, § 148B.

[3] *Schwann* presented the FAAAA preemption issue at approximately the same time, and this court issued substantially identical opinions in the two cases. *Schwann* became the lead case on appeal.

*Inc.*, 813 F.3d 429, 435-440 (1st Cir. 2016). However, the Court of Appeals went on to hold that, contrary to this court's opinion, prong two is severable. *Id.* at 440-441. The First Circuit also reversed this court's decision with respect to prongs one and three of the Statute because defendants had not raised the issue in the district court or on appeal. *Id.* at 441; *Remington v. J.B. Hunt Transp.* (*Remington II*), No. 15-1252 (1st Cir. Feb. 22, 2016).

After the cases were remanded, J.B. Hunt filed a consolidated renewed motion to dismiss in *Remington* and in the later-filed *Silfani*,[4] arguing that the misclassification claims were independently preempted by the federal Truth-in-Leasing Regulations, 49 C.F.R. § 376. This court held that plaintiffs' claims were preempted insofar as they were based on contractually allocated cost-sharing, *Remington III*, 2016 WL 4975194, at *3-5, but that claims based on other forms of unregulated compensation and benefits were not so preempted, *id.*, at *5-6. J.B. Hunt now, for the first time, contends that the FAAAA preempts prongs one and three of the Independent Contractor Statute. J.B. Hunt also maintains that ERISA preempts the recovery of employee benefits administered by ERISA-governed plans.

---

[4] Because *Silfani* raised identical preemption issues, the parties stipulated to stay the case pending the appeal of *Remington I* and *Schwann*.

Plaintiffs assert, as a threshold matter, that because the First Circuit reversed this court's FAAAA preemption ruling as to prongs one and three on the prior appeal, the law of the case doctrine bars J.B. Hunt from attempting to revisit the issue on remand.[5] *See United States v. Matthews*, 643 F.3d 9, 12-13 (1st Cir. 2011) ("In other words, the doctrine bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal."). J.B. Hunt counters that because the First Circuit did not substantively decide the issue, it remains fair game. *See Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997) ("Broadly speaking, mandates require respect for what the higher court decided, not for what it did not decide.").

After a careful review of the prior proceedings, the court agrees with plaintiffs that the doorway to further FAAAA preemption is now permanently closed. In dismissing the Complaint in *Remington I*, the court

---

[5] Although not the basis of this decision, the court notes that in recent months the Supreme Judicial Court of Massachusetts and two sessions of the District Court have ruled that the FAAAA does not in fact preempt prongs one and three. *See Chambers v. RDI Logistics, Inc.*, 476 Mass. 95, 105-108 (2016); *DaSilva v. Border Transfer of MA, Inc.*, 2017 WL 58953, at *3-5 (D. Mass. Jan. 5, 2017) (Saris, J.); *Vargas v. Spirit Delivery & Distribution Servs., Inc.*, 2017 WL 1115163, at *8-10 (D. Mass. Mar. 24, 2017) (Hillman, J.).

ruled that the Independent Contractor Statute as a whole was preempted as applied to motor carriers both because preempted prong two was not severable from prongs one or three, and because prongs one and three were independently preempted. *See Remington I*, 2015 WL 501884, at *2. On appeal, plaintiffs-appellants advanced arguments challenging both of these conclusions. *See Schwann*, 813 F.3d at 441. Defendant-appellee, however, elected not to defend the independent preemption of prongs one and three. *Id.*, *Remington II*, No. 15-1252. Having kept silent when the issue was squarely presented on appeal, Remington let go its opportunity and cannot now claim buyer's remorse. *See United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002) (a right is waived if intentionally relinquished or abandoned, and forfeited if not timely asserted); *see also Remington II*, No. 15-1252 (permitting the district court, on remand, to "address for the first time" other Wage Act preemption arguments raised by J.B. Hunt).

J.B. Hunt is on firmer footing, however, with respect to its ERISA preemption contention. ERISA "supersede[s] any and all State laws insofar as they . . . relate to any [qualified] employee benefit plan." 29 U.S.C. § 1144(a). The ERISA preemption analysis proceeds in in two steps: "(1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan." *McMahon v. Digitial*

*Equip. Corp.*, 162 F.3d 28, 36 (1st Cir. 1998). The parties do not dispute under step one that plaintiffs seek to recover benefits that they would have received had they been classified as employees under ERISA-administered plans.[6]

The parties contest whether, at step two, plaintiffs' Wage Act claims are "related to" the ERISA plans. J.B. Hunt argues that its ERISA-administered benefit plans are integral to plaintiffs' claims because the court necessarily has to construe and interpret the plans in order to adjudicate plaintiffs' alleged eligibility and to determine the value of any benefits they would have received under the plans. For their part, plaintiffs characterize this connection as "incidental." Opp'n at 20. *See Boston Children's Heart Found., Inc. v. Nadal-Ginard*, 73 F.3d 429, 439 (1st Cir. 1996). Plaintiffs maintain that they are not seeking to recover benefits under the plans, and that the Wage Act claims are not dependent on the existence of an ERISA plan. Rather, the value of any lost benefits is simply a component of their damages writ large. More to the point, according to plaintiffs, their Wage Law claims do not impede any of ERISA's enforcement interest – as they are not plan participants, plaintiffs concede they have no standing to assert an

---

[6] Plaintiffs' claims for non-plan benefits such as vacation, personal days, and sick time, are not affected by ERISA preemption.

7

ERISA claim. Finally, plaintiffs assert that any preclusion of the Wage Act benefits claims would leave them essentially without a remedy for their wrongs.

Although plaintiffs accurately note that their Wage Act claims do not intrude on the internal administration of an ERISA plan, that is not the test of ERISA preemption. ERISA preemption is "deliberately expansive." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987)). A state law may be preempted as related to an ERISA plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect and even if the law is consistent with ERISA's substantive requirements." *District of Columbia v. Great Washington Bd. of Trade*, 506 U.S. 125, 130 (1992) (internal quotation marks and citations omitted); *see also Rosario-Cordero v. Crowley Towing & Transp. Co.*, 46 F.3d 120, 123 (1st Cir. 1995). A "forbidden connection" between a state law and ERISA is determined by "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *California Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 325 (1997) (internal quotation marks and citations omitted). "ERISA's objectives include

providing a uniform national administration of ERISA plans and avoiding inconsistent state regulation of such plans." *Zipperer v. Raytheon Co.*, 493 F.3d 50, 53 (1st Cir. 2007) (internal quotation marks omitted).

> Three categories of state regulation that have been identified as conflicting with these objectives are: 1) those that mandate employee benefit structures or their administration; 2) those that bind plan administrators to a particular choice; and 3) causes of action that provide alternative enforcement mechanisms to ERISA's own enforcement scheme.

*Id.*

Plaintiffs' claims, whatever the basis of the underlying cause of action, can be distilled as non-participants seeking to recover the value of benefits they would have received as ERISA plan participants. The First Circuit has squarely held that such claims are preempted as being "related to" ERISA. In *Hamper v. W.R. Grace & Co., Inc.*, 202 F.3d 44 (1st Cir. 2000), plaintiff alleged a breach of contract for his employer's failure to include him as a participant in a retirement plan as promised in his employment agreement. The Court deemed this an impermissible "alternative enforcement mechanism" because plaintiff's eligibility and entitlement to benefits could only be determined by reference to the plan itself. *Id.* at 51.

> We have consistently held that a cause of action "relates to" an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action. . . . We have [also] held that ERISA preempts

> state law causes of action for damages where the damages must be calculated using the terms of an ERISA plan.

*Id.* at 52.

Applying these principles, in *Reyes v. S.J. Servs., Inc.*, 2014 WL 5485943, at *13-14 (D. Mass. Sept. 22, 2014), this court found the employees' Wage Act claim for promised but undelivered ERISA plan benefits to be preempted. "Resolution of this case would require [the court] to look to the plan at least to determine damages, and likely liability as well, and therefore plaintiffs' state law claims are preempted by ERISA § 514(a)." *Id.* at *14. Likewise, to adjudicate plaintiffs' Wage Act benefit claims here, the court would be required to look to the terms of the ERISA plans to determine whether, had plaintiffs been classified as employees, they would have been eligible as plan participants, as well as to determine the value of the benefits the plans would have conferred.

Plaintiffs' counterarguments, while creative, are unavailing. Plaintiffs insist that the court need not look to the plans to determine their eligibility because by the terms of the plans, having been classified as independent contractors, they would not be eligible. This reasoning, attempting to divorce the claims from the plan terms by referencing the plan terms themselves, is self-defeating. Plaintiffs also suggest alternative damages computation methods, such as the use of statistical data to calculate benefits

as a percentage of income. Given that plaintiffs' alleged harm is the deprivation of benefits under the specific plans administered by J.B. Hunt, "[a]ny other measure of damages would be based on pure speculation." *Id*. Because plaintiffs' claims for benefits "relate to" J.B. Hunt's ERISA plans, they are preempted.[7, 8]

---

[7] This result is compelled even if, as plaintiffs state, ERISA does not provide a comparable remedy for their claims. In enacting ERISA, Congress intended its civil enforcement provisions to be exclusive.

> [T]he detailed provisions of [ERISA] § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."

*Pilot Life*, 481 U.S. at 54 (citation omitted, emphasis in original).

[8] The court also agrees with J.B. Hunt that plaintiffs cannot sustain an equitable theory of recovery to the extent that they have an adequate remedy at law. *See DaSilva*, 2017 WL 58953, at *5 ("The Massachusetts Wage Act is available as a statutory remedy, and that is sufficient to bar unjust enrichment.").

ORDER

For the foregoing reasons, J.B. Hunt's motion to for judgment on the pleadings is <u>ALLOWED IN PART</u> (with respect to ERISA-governed plan benefits), and otherwise <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE